# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

DANTE W. HARVEY,
    *Defendant-Appellant.*

No. 02-4773

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-02-18)

Submitted: January 8, 2003

Decided: February 7, 2003

Before LUTTIG, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Brent A. Jackson, HILL, TUCKER, MARSH & JACKSON, P.L.L.C.,
Richmond, Virginia, for Appellant. Paul J. McNulty, United States
Attorney, Stephen W. Miller, Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dante W. Harvey pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (2000) and 18 U.S.C. § 2 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000), reserving the right to appeal the district court's denial of his motion to suppress evidence seized from his person at the time of his arrest. Harvey contends the arresting officers violated his Fourth Amendment protections against unreasonable search and seizure. Finding no reversible error, we affirm.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Police officers "may elevate a police-citizen encounter into an investigatory detention only if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. Reasonable suspicion is something more than an inchoate and unparticularized suspicion or hunch." *United States v. Burton*, 228 F.3d 524, 527-28 (4th Cir. 2000) (internal quotation marks and citations omitted). The police officer does not have to rule out the possibility that the target of his investigation was engaged in innocent conduct. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). We find the police officers had reasonable suspicion to approach the apartment building with their weapons drawn and to detain Harvey outside the apartment building's hallway. We further find no Fourth Amendment violation as a result of the seizure of the handgun.

Harvey's detention escalated to an arrest after the seizure of the handgun and the revelation that there was an outstanding warrant for

his arrest. We find the subsequent search of his person to be appropriate. *Chimel v. California*, 395 U.S. 752, 762-63 (1969).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*